UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-09306 WDK-FMO | Date | May 15, 2014 |
|---|---|---|---|
| Title | J & J SPORTS PRODUCTIONS, INC. V. JOHN GONZALEZ | | |

| Present: The Honorable | WILLIAM D. KELLER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| PATRICIA GOMEZ | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers):  PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#26]

## I.     INTRODUCTION

Plaintiff J & J Sports Productions, Inc. moves for summary judgment as to Count I or II, and Count III against defendant John Gonzalez, individually and d/b/a El Camino Real (hereinafter "defendant").  The Court has considered the papers filed in support of and in opposition to the motion, and deems the matter appropriate for resolution without oral argument.  *See* Local Rule 7-15.

Upon review, the Court DENIES summary judgment on liability as to all counts.

## II.     BACKGROUND

Plaintiff is a commercial distributor and licensor of sporting events.  (Compl. ¶11, Gagliardi Aff., ¶3.)  Plaintiff was granted the exclusive commercial distribution rights to *"Tactical Warfare": Manny Pacquiao v. Antonio Margarito, WBC Light Middleweight Championship Fight Program* (hereinafter "the program"), which was broadcast on Saturday, November 13, 2010.  (*Id.* ¶9, *Id.*) Defendant owns and/or operates a commercial establishment doing business as El Camino Real. (Compl. ¶7.)  Plaintiff alleges that defendant unlawfully displayed the program at El Camino Real on Saturday, November 13, 2010.  (*Id.* ¶12.)

Plaintiff alleges four counts against defendant: (I) a violation of Title 47 U.S.C. § 605, which prohibits the unauthorized interception and publication or use of radio communications, including satellite broadcasts; (II) a violation of Title 47 U.S.C. § 553, which prohibits unauthorized interception of cable communications; (III) conversion; and (IV) a violation of California Business and Professions Code Section 17200, *et seq*.  (*See generally* Compl.)

## III.     LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-09306 WDK-FMO | Date | May 15, 2014 |
|---|---|---|---|
| Title | J & J SPORTS PRODUCTIONS, INC. V. JOHN GONZALEZ | | |

light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citation omitted); *Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co.,* 121 F.3d 1332, 1335 (9th Cir. 1997). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510 (1986) (emphasis in original). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. *See Matsushita*, 475 U.S. at 587.

### IV. DISCUSSION

Plaintiff alleges that on Saturday, November 13, 2010, the evening that the program was broadcast, plaintiff's investigator Lance Storm observed the national anthem being sung by the Dallas Cowboys' cheerleaders at El Camino Real. (Declaration of Affiant.) Defendant contends that because the declaration fails to establish that the boxing match at issue was shown at El Camino Real, plaintiff's motion should be denied. Plaintiff responds that defendant's argument is premised "on an incorrect belief that the entirety of *Program* (i.e., the television broadcast) includes the boxing matches themselves only." (Reply at 3.) Plaintiff requests that the Court take judicial notice that news sources, e.g. The Wall Street Journal and ESPN.com, indicate that the national anthem was sung by the Dallas Cowboys' cheerleaders prior to the boxing match at issue suggesting that this musical performance is therefore deemed a part of the program. (*Id*. at 3-4.) Plaintiff, however, fails to provide any authority for the contention that "the entire television broadcast comprises the *Program.*" (*Id*. at 4.)

The Court finds that a genuine issue of material fact exists as to whether the program was broadcast at the El Camino Real. While the program may encompass the singing of the national anthem prior to the boxing match, the plaintiff has failed to establish that it is entitled to judgment as a matter of law.

### V. CONCLUSION

In accordance with the foregoing, the Court DENIES summary judgment on all counts.

IT IS SO ORDERED.

                                                                            : 

Initials of Preparer